UNITED STATES DISTRICT COURT
SOUTHERN DISTRCT OF NEW YORK
-------------------------------------------------------------------------x

JOY C. NOEL

                                        Plaintiff,

              -against-

THE INTERPUBLIC GROUP OF CO'S INC.; MICHAEL
I. ROTH, as Chairman and Chief Executive Officer;
NICHOLAS JOSEPH CAMERA, as Former Senior Vice
President, General Counsel and Secretary; MARJORIE
MARY HOEY, as Former Vice President, Associate
General Counsel and Assistant Secretary; and CAROLYN
HARDING, as Director of Human Resources-Eastern US
and Latin America, each being sued individually and in their
capacities as employees of defendant THE INTERPUBLIC
GROUP OF CO'S INC.

                                        Defendants'
-------------------------------------------------------------------------x

**FILED**
APR 16 2012
USDC WP SDNY

Complaint

Jury Trial Demand

12 CV 2996

The plaintiff JOY C. NOEL by her attorney The Sanders Firm, P.C., as and for her

complaint against defendants' THE INTERPUBLIC GROUP OF CO'S INC.; MICHAEL I.

ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN

HARDING, respectfully set forth and allege that:

## INTRODUCTION

This is an action for equitable relief and money damages on behalf of the plaintiff JOY C.

NOEL, (hereinafter referred to as "plaintiff") who was and is being deprived of her statutory rights

as an employee as a result of defendants' THE INTERPUBLIC GROUP OF CO'S INC.;

MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and

CAROLYN HARDING'S race discrimination.

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§

1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

      a.      Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title

            VII") providing for injunctive and other relief against discrimination in

            employment on the basis of race; and

      b.      the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection

            of all person's right to make and enforce contracts under the color of State

            Law

2.      The unlawful employment practices, violations of Plaintiff's civil rights complained

of herein were committed within the Southern District of New York.

3.      The pendent jurisdiction of the federal district court is invoked with respect to the

plaintiff's claims under New York State Executive Law § 296; and New York City Administrative

Code § 8-107, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one

constitutional and civil rights case, and the claims arise out of the same common nucleus of facts

and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PROCEDURAL REQUIREMENTS

4.      Plaintiff has filed suit with this Court within the applicable statute of limitations

period.

5.      Plaintiff alleges that on or about April 26, 2011, she filed a Charge of Discrimination

with the United States Equal Employment Opportunity Commission.

6.      Plaintiff alleges that on or about June 29, 2011, respondent THE INTERPUBLIC

GROUP OF CO'S, INC., filed a position statement.

7.      Plaintiff alleges that on or about March 24, 2012, she received a Notice of Right to

Sue Letter from the United States Equal Employment Opportunity Commission.

8.     Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1866 or the Civil Rights Act of 1871.

## PLAINTIFF

9.     Plaintiff JOY C. NOEL is a Trinidadian female, is over twenty-one (21) years of age, a resident of Kings County and is an employee of defendant THE INTERPUBLIC GROUP OF CO'S INC. (hereinafter referred to as "IPG").

## DEFENDANTS'

10.     Defendant IPG is one of the world's largest advertising and marketing services companies, organized and existing under and by virtue of the law of the State of Delaware, and at all relevant time plaintiff's employer.

11.     Defendant MICHAEL I. ROTH, as Chairman and Chief Executive Officer; NICHOLAS JOSEPH CAMERA, as Former Senior Vice President, General Counsel and Secretary; MARJORIE MARY HOEY, as Former Vice President, Associate General Counsel and Assistant Secretary; and CAROLYN HARDING, as Director of Human Resources-US and Latin America.

## BACKGROUND

12.     Plaintiff alleges that in or around February 1993, she began working for defendant IPG and since that day, has served in many roles including: Legal Secretary, Executive/Personal Assistant and Paralegal/Legal Secretary/Legal Administrator.

13.     Plaintiff alleges that she has worked on many legal matters such as Securities and Exchange Commission compliance, mergers and acquisitions, immigration, labor and employment, corporate, real estate, human resources, diversity as well as other related matters.

14.     Plaintiff alleges that she holds a Bachelor of Science Degree in Accounting from St. Francis College.

15.     Plaintiff alleges that while working for Former Tax Attorney Supervisor Arthur Mason (Caucasian Male) he said "IPG is a difficult place to work. It is obvious that Black employees are treated differently. If will be difficult to move up within the company."

16.     Plaintiff alleges that Former Tax Attorney Supervisor Mason suggested "Maybe you should consider pursuing employment elsewhere."

17.     Plaintiff alleges that from March 15, 1994, through this day, defendant IPG fosters a work environment where racial discrimination is condoned.

18.     Plaintiff alleges that according to defendant IPG'S Harassment and Equal Employment Opportunity Policy Number: 400, the purpose of the global policy is to ensure that all IPG and its subsidiary employees are aware of the Company's commitment to maintain a work environment that is free of discrimination.

19.     Plaintiff alleges that from March 15, 1994, through this day, Caucasian and Light Skinned Hispanic employees are treated more favorably than African-American or other Dark Skinned employees.

20.     Plaintiff alleges that from March 15, 1994, through this day, she has witnessed several unqualified Caucasian and Light Skinned Hispanic employees offered opportunities or had positions created for them such as: Grace King (Caucasian Female), Doris Weil (Caucasian Female), Annmarie Rivera (Light Skinned Hispanic Female), Eileen Mullarkey (Caucasian Female), and Joellen Gagnon (Caucasian Female).

21.     Plaintiff alleges that from March 15, 1994, through this day, Caucasian and Light Skinned Hispanic employees generally receive larger salaries and greater benefits than more

qualified African-American or other Dark Skinned employees.

22.     Plaintiff alleges that from March 15, 1994, through this day, defendant IPG through its agents intentionally do not advertise job opportunities in its corporate headquarters to ensure that it remains a "Whites or Light Skinned Only" location.

23.     Plaintiff alleges that such corporate job opportunities are filled through "Word of Mouth" advertising.

24.     Plaintiff alleges that whenever African-American or other Dark Skinned employees complain about discrimination and related conduct in the workplace defendant IPG through its agents' defendants' MICHAEL I. ROTH (Caucasian Male); NICHOLAS JOSEPH CAMERA (Caucasian Male); MARJORIE MARY HOEY (Caucasian Female) and CAROLYN HARDING (African-American Female) as well as other members of the management ignore their complaints.

25.     Plaintiff alleges that whenever African-American or other Dark Skinned employees complain about discrimination and related conduct in the workplace defendant IPG through its agents' defendants' MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING as well as other members of the management make it more difficult to work at the company.

26.     Plaintiff alleges that whenever African-American or other Dark Skinned employees complain about discrimination and related conduct in the workplace defendant IPG through its agents' defendants' MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING as well as other members of the management over-scrutinize their work, overwork them, isolate them from others, unfairly discipline them, etc.

27. Plaintiff alleges that the African-American or other Dark Skinned employees usually respond by resigning.

28. Plaintiff alleges that defendant IPG through its agents' defendants' MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING as well as other members of the management condone such conduct because African-American or other Dark Skinned employees are viewed as mere servants.

29. Plaintiff alleges that from June 1994 through August 1, 2011, defendant MARJORIE MARY HOEY was her direct supervisor.

30. Plaintiff alleges that from June 1994, through August 1, 2011, defendant MARJORIE MARY HOEY treated her as a mere servant, there to meet her personal needs.

31. Plaintiff alleges that from June 1994 through August 1, 2011, defendant MARJORIE MARY HOEY in addition to her normal duties as a Secretary, she was ordered to prepare and store legal documents related to defendant MARJORIE MARY HOEY'S mediation services and law practice without compensation on defendant IPG computers and servers.

32. Plaintiff alleges that from June 1994 through August 1, 2011, defendant MARJORIE MARY HOEY reported directly to defendant NICHOLAS JOSEPH CAMERA.

33. Plaintiff alleges that from June 1994 through August 1, 2011, defendant NICHOLAS JOSEPH CAMERA had actual and/or constructive knowledge that defendant MARJORIE MARY HOEY treated her as a mere servant.

34. Plaintiff alleges that from 2005 through August 1, 2011, defendant MICHAEL I. ROTH had actual and/or constructive knowledge that defendant MARJORIE MARY HOEY treated her as a mere servant and defendant NICHOLAS JOSEPH CAMERA did nothing to protect her.

35.     Plaintiff alleges that in or around March 2011, Ms. Carmen Pico (Light Skinned Hispanic Female) left her employment with defendant IPG.

36.     Plaintiff alleges that upon Ms. Pico's separation from employment, she assumed the duties of Executive Assistant to defendant NICHOLAS JOSEPH CAMERA.

37.     Plaintiff alleges that in or around March 20, 2011, she informed defendants' NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY as well as Vice President and Assistant General Counsel William Crosby (African-American Male) that she intended to apply for the position of Executive Assistant to defendant NICHOLAS JOSEPH CAMERA.

38.     Plaintiff alleges that on or about March 29, 2011, defendant CAROLYN HARDING requested that she email her resume.

39.     Plaintiff alleges that that same day, she was interviewed by defendant CAROLYN HARDING.

40.     Plaintiff alleges that defendant CAROLYN HARDING commented "You really have done a whole lot and quite familiar with the job."

41.     Plaintiff alleges that she took the opportunity to inform defendant CAROLYN HARDING that she applied but was not selected to two (2) other positions within the company.

42.     Plaintiff alleges that on or about March 31, 2011, defendant CAROLYN HARDING informed me that the position was filled.

43.     Plaintiff alleges that while in defendant CAROLYN HARDING'S office, defendant CAROLYN HARDING told her that "Nick wanted someone with Board experience."

44.     Plaintiff alleges that "Board experience" was not a requirement for the position.

45.     Plaintiff alleges that she told defendant CAROLYN HARDING that in 2000 she interviewed with General Manager, Office of the President Catherine Crichton (Caucasian

Female) under then President John Dooner (Caucasian Male), she was denied the position of Assistant.

46.     Plaintiff alleges that she was deemed "overqualified."

47.     Plaintiff alleges that the position of Assistant was given to Lisa Wahl (Caucasian Female), a new employee that had to be trained by her.

48.     Plaintiff alleges that she told defendant CAROLYN HARDING that years later she applied for the position of EDGAR Filer along with Angela Stabler (Caucasian Female), the job was given to Lolita Shaba (Caucasian Female).

49.     Plaintiff alleges that she thanked defendant CAROLYN HARDING and left her office.

50.     Plaintiff alleges that on or about April 11, 2011, defendant NICHOLAS JOSEPH CAMERA approached her cubicle and requested to speak with her.

51.     Plaintiff alleges that she met with defendant NICHOLAS JOSEPH CAMERA in his office.

52.     Plaintiff alleges that defendant NICHOLAS JOSEPH CAMERA explained that Theresa M. Muller (Caucasian Female) was given the job because she has "Board experience."

53.     Plaintiff alleges that on or about April 12, 2011, while seated at her cubicle, Ruth Skovan (Caucasian Female) commented to Jacqueline Singer (Caucasian Female) "Our dreams are finally being fulfilled.  It is all coming together now."

54.     Plaintiff alleges that defendant NICHOLAS JOSEPH CAMERA explained that she could be a "backup" to Wendy Hulen (African-American Female), his Administrative Assistant of sixteen years.

55.     Plaintiff alleges that defendant NICHOLAS JOSEPH CAMERA told her that "the

position itself is not difficult but, the decision was out of his hands."

56.     Plaintiff alleges that defendant NICHOLAS JOSEPH CAMERA suggested that she think about "backing up" Ms. Hulen.

57.     Plaintiff alleges that on or about April 15, 2011, she drafted a privileged and confidential complaint to defendant NICHOLAS JOSEPH CAMERA.

58.     Plaintiff alleges that she complained about being denied promotional opportunities, overworked by defendant MARJORIE MARY HOEY and underpaid.

59.     Plaintiff alleges that she offered to consider defendant NICHOLAS JOSEPH CAMERA'S suggestion if he and defendant IPG change her title from Secretary to Legal Administrator and increase her salary to $97,000.00 per annum.

60.     Plaintiff alleges that on or about April 15, 2011, she personally delivered the aforementioned document to defendant NICHOLAS JOSEPH CAMERA.

61.     Plaintiff alleges that on or about April 22, 2011, defendant NICHOLAS JOSEPH CAMERA left an envelope marked "Privileged and Confidential" on her desk.

62.     Plaintiff alleges inside was an alleged response to her April 15, 2011, complaint.

63.     Plaintiff alleges that defendant NICHOLAS JOSEPH CAMERA did not address her complaints.

64.     Plaintiff alleges that defendant NICHOLAS JOSEPH CAMERA did not cause an investigation to commence consistent with defendant IPG'S Harassment and Equal Employment Opportunity Policy Number: 400.

65.     Plaintiff alleges that on or about April 26, 2011, she filed a complaint with the United States Equal Employment Opportunity Commission.

66.     Plaintiff alleges that shortly thereafter, defendants NICHOLAS JOSEPH

CAMERA and MARJORIE MARY HOEY substantially reduced her workload, and now only reports to Vice President and Assistant General Counsel Crosby who himself is only an ostracized figurehead.

67.   Plaintiff alleges that on or about June 24, 2011, 2011, defendant MARJORIE MARY HOEY and Senior Vice President of Legal and Business Affairs Thea Ann Winarsky (Caucasian Female) interviewed Raneisha Smith (African-American Female) for an associate's position.

68.   Plaintiff alleges that after completing the interview, defendant MARJORIE MARY HOEY walked over to defendant NICHOLAS JOSEPH CAMERA'S office and said "I do not like her, she is too forward."

69.   Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY and CAROLYN HARDING intentionally deny African-American or other Dark Skinned employees' job opportunities due to their race.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE DISCRIMINATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

70.   Plaintiff re-alleges Paragraphs 1 through 69 and incorporates them by reference as Paragraphs 1 through 69 of Count I of this Complaint.

71.   Plaintiff alleges that defendant IPG through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of her race.

72.   Plaintiff alleges as part of its pattern and practice of employment discrimination, defendant' IPG through its agents treated plaintiff in a manner indicative of race discrimination,

with respect to its investigation, analysis, and subsequent cover-up, of their discriminatory behavior.

73.     Plaintiff alleges that defendant IPG knew or should have known about race discrimination in the workplace because of their prior history of discriminatory conduct against her and other similarly situated individuals.

74.     Plaintiff alleges that defendant IPG failed and refused to take appropriate action to end the discriminatory treatment and conditions which she was subjected to, which was clearly motivated by race discrimination.

75.     Plaintiff alleges that as a result of the discriminatory acts of defendant IPG through its agents, she suffered depression and anxiety.

76.     Plaintiff alleges that defendant acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at her and continued from in or around March 15, 1994 through this day.

77.     Plaintiff alleges that as a result of the acts of defendant IPG through its agents under color of law, she suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT II**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

78.     Plaintiff re-alleges Paragraphs 1 through 77 and incorporates them by reference as Paragraphs 1 through 77 of Count II of this Complaint.

79.     Plaintiff alleges that defendant IPG through its agents engaged in various severe and hostile actions towards her as a result of her opposition to race discrimination and voicing

her complaints to defendants' IPG; NICHOLAS JOSEPH CAMERA; MARJORIE MARY

HOEY; CAROLYN HARDING and the EEOC.

80.     Plaintiff alleges that as a result of the severe and hostile acts of defendant IPG

through its agents, she suffered depression, anxiety and loss of job opportunities.

## COUNT III
## RETALIATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

81.     Plaintiff re-alleges Paragraphs 1 through 80 and incorporates them by reference as

Paragraphs 1 through 80 of Count III of this Complaint.

82.     Plaintiff alleges that defendant IPG through its agents engaged in various

retaliatory actions against her as a result of her opposition to race discrimination and voicing her

complaints to defendants' IPG; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY;

CAROLYN HARDING and the EEOC.

83.     Plaintiff alleges that as a result of the illegal acts of defendant IPG through its

agents, she suffered depression, anxiety and loss of job opportunities.

## COUNT IV
## FAILURE TO PROMOTE
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

84.     Plaintiff re-alleges Paragraphs 1 through 83 and incorporates them by reference as

Paragraphs 1 through 83 of Count IV of this Complaint.

85.     Plaintiff alleges that defendant IPG through its agents engaged in various severe

and hostile actions against her causing her to be denied rightly earned promotions since March

15, 1994, as a result of her opposition to race discrimination.

86.     Plaintiff alleges that as a result of the aforesaid acts, depriving her of her rights,

she suffered mental anguish, emotional distress, and loss of employment opportunities.

## COUNT V
## RACE DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

87.     Plaintiff re-alleges Paragraphs 1 through 86 and incorporates them by reference as Paragraphs 1 through 86 of Count V of this Complaint.

88.     Plaintiff alleges that by the aforesaid discriminatory acts and omissions of defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING acting individually and in their capacities as supervisors and/or managers of defendant IPG interfered with her right to enforce contracts under the color of state law because of her race.

89.     Plaintiff alleges that the purpose of defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING in so acting was to prevent her, through economic and psychological intimidation, from seeking the equal protection of the laws.

90.     Plaintiff alleges that pursuant to their conduct, defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING acted to deprive her of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threats.

91.     Plaintiff alleges that as a result of the aforesaid acts, depriving her of her civil rights, she suffered mental anguish, emotional distress, and loss of employment opportunities.

## COUNT VI
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

92.     Plaintiff re-alleges Paragraphs 1 through 91 and incorporates them by reference as Paragraphs 1 through 91 of Count VI of this Complaint.

93.     Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING engaged in various severe and hostile actions against her acting individually and in their official capacities as supervisors and/or managers of defendant IPG as a result of her opposition to race discrimination.

94.     Plaintiff alleges that the purpose of defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING in so acting was to prevent her, through economic and psychological intimidation, from seeking the equal protection of the laws.

95.     Plaintiff alleges that pursuant to their conduct, defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING acted to deprive her of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threats.

96.     Plaintiff alleges that as a result of the aforesaid acts, depriving her of her civil rights, she suffered mental anguish, emotional distress, and loss of employment opportunities.

## COUNT VII
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

97.     Plaintiff re-alleges Paragraphs 1 through 96 and incorporates them by reference as Paragraphs 1 through 96 of Count VII of this Complaint.

98.     Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING engaged in

various retaliatory actions against her acting individually and in their official capacities as

supervisors and/or managers of defendant IPG as a result of her opposition to race

discrimination.

99.    Plaintiff alleges that the purpose of defendants' IPG; MICHAEL I. ROTH;

NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING in

so acting was to prevent her, through economic and psychological intimidation, from seeking the

equal protection of the laws.

100.    Plaintiff alleges that pursuant to their conduct, defendants' IPG; MICHAEL I.

ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN

HARDING acted to deprive her of her civil rights, by repeated and insidious acts of harassment,

intimidation, bad faith and threats.

101.    Plaintiff alleges that as a result of the aforesaid acts, depriving her of her civil

rights, she suffered mental anguish, emotional distress, and loss of employment opportunities.

### COUNT VIII
### FAILURE TO PROMOTE
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

102.    Plaintiff re-alleges Paragraphs 1 through 101 and incorporates them by reference as

Paragraphs 1 through 101 of Count VIII of this Complaint.

103.    Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS

JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING engaged in

various severe and hostile actions against her causing her to be denied rightly earned promotions

since March 15, 1994, as a result of her opposition to race discrimination.

104.    Plaintiff alleges that the purpose of defendants' IPG; MICHAEL I. ROTH;

NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING was

to prevent her, through economic and psychological intimidation, from seeking the equal protection of the laws.

105.    Plaintiff alleges that pursuant to their conduct, defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING acted to deprive her of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threats.

106.    Plaintiff alleges that as a result of the aforesaid acts, depriving her of her civil rights, she suffered mental anguish, emotional distress, and loss of employment opportunities.

**COUNT IX**
**RACE DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

107.    Plaintiff re-alleges Paragraphs 1 through 106and incorporates them by reference as Paragraphs 1 through 106 of Count IX of this Complaint.

108.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

109.    Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING discriminated against her because of her race.

110.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING, she suffered the indignity of race discrimination and great humiliation.

111.    Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS

JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING'S violations

caused her mental anguish, emotional distress, and loss of employment opportunities.

**COUNT X**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

112.    Plaintiff re-alleges Paragraphs 1 through 111 and incorporates them by reference

as Paragraphs 1 through 111 of Count X of this Complaint.

113.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment because

of their race.

114.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where

race discrimination and/or retaliation are encouraged and/or tolerated.

115.    Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS

JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING engaged in

various hostile actions against her as a result of her opposition to race discrimination and voicing

her complaints to defendants' IPG; NICHOLAS JOSEPH CAMERA; MARJORIE MARY

HOEY; and CAROLYN HARDING.

116.    Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA;

MARJORIE MARY HOEY; and CAROLYN HARDING, she suffered the indignity of race

discrimination and great humiliation.

117.    Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS

JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING'S violations

caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT XI
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

118.   Plaintiff re-alleges Paragraphs 1 through 117 and incorporates them by reference as Paragraphs 1 through 117 of Count XI of this Complaint.

119.   Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

120.   Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

121.   Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING engaged in various retaliatory actions against her as a result of her opposition to race discrimination and voicing her complaints to defendants' IPG; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING.

122.   Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING, she suffered the indignity of race discrimination and great humiliation.

123.   Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT XII
## FAILURE TO PROMOTE
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

124.    Plaintiff re-alleges Paragraphs 1 through 123 and incorporates them by reference as Paragraphs 1 through 123 of Count XII of this Complaint.

125.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

126.    Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING engaged in various severe and hostile actions against her causing her to be denied rightly earned promotions since March 15, 1994, as a result of her opposition to race discrimination.

127.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING, she suffered the indignity of race discrimination and great humiliation.

128.    Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT XIII
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

129.    Plaintiff re-alleges Paragraphs 1 through 128 and incorporates them by reference as Paragraphs 1 through 128 of Count XIII of this Complaint.

130.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

131.    Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING discriminated against her because of her race.

132.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING, she suffered the indignity of race discrimination and great humiliation.

133.    Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT XIV
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

134.    Plaintiff re-alleges Paragraphs 1 through 133 and incorporates them by reference as Paragraphs 1 through 133 of Count XIV of this Complaint.

135.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

136.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where race discrimination and/or retaliation are encouraged and/or tolerated.

137.    Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS

JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING engaged in various hostile actions against her as a result of her opposition to race discrimination and voicing her complaints to defendants' IPG; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING.

138.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING, she suffered the indignity of race discrimination and great humiliation.

139.    Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT XV
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

140.    Plaintiff re-alleges Paragraphs 1 through 139 and incorporates them by reference as Paragraphs 1 through 139 of Count XV of this Complaint.

141.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

142.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

143.    Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING engaged in various retaliatory actions against her as a result of her opposition to race discrimination and

voicing her complaints to defendants' IPG; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING.

144.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING, she suffered the indignity of race discrimination and great humiliation.

145.    Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING'S violations caused him mental anguish, emotional distress, and loss of employment opportunities.

### COUNT XVI
### FAILURE TO PROMOTE
### IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-107

146.    Plaintiff re-alleges Paragraphs 1 through 145 and incorporates them by reference as Paragraphs 1 through 145 of Count XVI of this Complaint.

147.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

148.    Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING engaged in various severe and hostile actions against her causing her to be denied rightly earned promotions since March 15, 1994, as a result of her opposition to race discrimination.

149.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING, she suffered the indignity of race

discrimination and great humiliation.

150.    Plaintiff alleges that defendants' IPG; MICHAEL I. ROTH; NICHOLAS

JOSEPH CAMERA; MARJORIE MARY HOEY; and CAROLYN HARDING'S violations

caused her mental anguish, emotional distress, and loss of employment opportunities.

## JURY TRIAL

151.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from

defendants' IPG; MICHAEL I. ROTH; NICHOLAS JOSEPH CAMERA; MAJORIE MARY

HOEY; and CAROLYN HARDING in an amount of $50 million dollars, plus any and all

available statutory remedies, both legal and equitable, and interests and costs.

Dated:  April 14, 2012
        New York, NY

Respectfully submitted,

By:   _____
        Eric Sanders (ES0224)

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
(800) 371-4835 (Business Telephone)
(212) 537-9081 (Facsimile)
Website: http://www.thesandersfirmpc.com
Twitter: https://twitter.com/#!/SandersFirmPC
Facebook Fan Page: http://goo.gl/8FbJA
Google Plus Brand Page:  http://goo.gl/Qy7OG