UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOY C. NOEL

                             Plaintiff,

-against-

THE INTERPUBLIC GROUP OF CO'S INC.; NICHOLAS
JOSEPH CAMERA, as Former Senior Vice President,
General Counsel and Secretary and MARJORIE MARY
HOEY, as Former Vice President, Associate General
Counsel, each being sued individually and in their official
capacities as employees of defendant THE INTERPUBLIC
GROUP OF CO'S INC.

                                                  Defendants'
------------------------------------------------------------x

**Amended Complaint**

Jury Trial Demand

12 cv 2996 (HB)(JCF)

       The plaintiff JOY C. NOEL by her attorney The Sanders Firm, P.C., as and for her amended complaint against defendants' THE INTERPUBLIC GROUP OF CO'S INC.; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY respectfully set forth and allege that:

### INTRODUCTION

       This is an action for equitable relief and money damages on behalf of the plaintiff JOY C. NOEL, (hereinafter referred to as "plaintiff") who was and is being deprived of her statutory rights as an employee as a result of defendants' THE INTERPUBLIC GROUP OF CO'S INC.; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY'S failure to promote and retaliation.

### JURISDICTION AND VENUE

       1.       The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

      a.      Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of race; and

      b.      the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of all person's right to make and enforce contracts under the color of State Law

2.    The unlawful employment practices, violations of plaintiff's civil rights complained of herein were committed within the Southern District of New York.

3.    The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; and New York City Administrative Code § 8-107, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PROCEDURAL REQUIREMENTS

4.    Plaintiff has filed suit with this Court within the applicable statute of limitations period.

5.    Plaintiff alleges that on or about April 26, 2011, she filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission.

6.    Plaintiff alleges that on or about June 29, 2011, respondent THE INTERPUBLIC GROUP OF CO'S, INC., filed a position statement.

7.    Plaintiff alleges that on or about March 24, 2012, she received a Notice of Right to Sue Letter from the United States Equal Employment Opportunity Commission.

8.    Plaintiff is not required to exhaust any administrative procedures prior to suit under

the Civil Rights Act of 1866.

## PLAINTIFF

9.   Plaintiff JOY C. NOEL self describes as a Trinidadian female, is over twenty-one (21) years of age, a resident of Kings County and is an employee of defendant THE INTERPUBLIC GROUP OF CO'S INC. (hereinafter referred to as "IPG").

## DEFENDANTS'

10.   Defendant IPG is one of the world's largest advertising and marketing services companies, organized and existing under and by virtue of the law of the State of Delaware, and at all relevant times' plaintiff's employer.

11.   Defendants' NICHOLAS JOSEPH CAMERA, as Former Senior Vice President, General Counsel and Secretary and MARJORIE MARY HOEY, as Former Vice President, Associate General Counsel and Assistant Secretary.

## BACKGROUND

12.   Plaintiff alleges that in or around February 1993, she began working for defendant IPG and since that day, has served in many roles including: Legal Secretary, Executive/Personal Assistant and Paralegal/Legal Secretary/Legal Administrator.

13.   Plaintiff alleges that she has worked on many legal matters such as Securities and Exchange Commission compliance, mergers and acquisitions, immigration, labor and employment, corporate, real estate, human resources, diversity as well as other related matters.

14.   Plaintiff alleges that she holds a Bachelor of Science Degree in Accounting from St. Francis College.

15.   Plaintiff alleges that in or around March 2011, Ms. Carmen Pico left her employment with defendant IPG.

16. Plaintiff alleges that upon Ms. Pico's separation from employment, she assumed the duties of Executive Assistant to defendant NICHOLAS JOSEPH CAMERA (Caucasian Male).

17. Plaintiff alleges that in or around March 20, 2011, she informed defendants' NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY (Caucasian Female) as well as Vice President and Assistant General Counsel William Crosby (African-American Male) that she intended to apply for the position of Executive Assistant to defendant NICHOLAS JOSEPH CAMERA.

18. Plaintiff alleges that on or about March 29, 2011, Director of Human Resources Carolyn Harding requested that she email her resume.

19. Plaintiff alleges that she is a member of a protected class.

20. Plaintiff alleges that later in the day, she was interviewed by Director Carolyn Harding.

21. Plaintiff alleges that Director Carolyn Harding commented "You really have done a whole lot and quite familiar with the job."

22. Plaintiff alleges that she did not feel confident that her application would be seriously considered based upon her past experiences as a subordinate of defendant MARJORIE MARY HOEY.

23. Plaintiff alleges that she knew based upon her experiences as an employee with defendant IPG that defendant MARJORIE MARY HOEY would be the decision maker.

24. Plaintiff alleges that defendant MARJORIE MARY HOEY has never promoted her or any other "person of color" to a front office position.

25. Plaintiff alleges that she took the opportunity to inform Director Carolyn Harding

4

that she has applied for other positions in the past but, was not selected despite her training, education and experience.

26. Plaintiff alleges that after the interview was concluded she left Director Carolyn Harding's office.

27. Plaintiff alleges that on or about March 31, 2011, Director Carolyn Harding informed her that the position has been filled.

28. Plaintiff alleges that while in Director Carolyn Harding's office, she told plaintiff that "Nick wanted someone with Board experience."

29. Plaintiff alleges that when she applied for this "unannounced" position "Board experience" was not a requirement.

30. Plaintiff alleges that she thanked Director Carolyn Harding and left her office.

31. Plaintiff alleges that on or about April 11, 2011, defendant NICHOLAS JOSEPH CAMERA approached her cubicle and requested to speak with her.

32. Plaintiff alleges that she met with defendant NICHOLAS JOSEPH CAMERA in his office.

33. Plaintiff alleges that defendant NICHOLAS JOSEPH CAMERA explained that Theresa M. Muller (Caucasian Female) was given the job because she has "Board experience."

34. Plaintiff alleges that meanwhile everyone especially defendants' NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY knew that Theresa M. Muller was not qualified for the position because of her past poor performance as an employee.

35. Plaintiff alleges that defendant NICHOLAS JOSEPH CAMERA explained that she could be a "backup" to Wendy Hulen (African-American Female), his Administrative Assistant of sixteen years.

36. Plaintiff alleges that defendant NICHOLAS JOSEPH CAMERA told her that "the position itself is not difficult but, the decision was out of his hands."

37. Plaintiff alleges that defendant MARJORIE MARY CAMERA made the decision to promote Theresa M. Muller despite her lack of qualifications.

38. Plaintiff alleges that defendant NICHOLAS JOSEPH CAMERA again suggested that she think about "backing up" Ms. Hulen.

39. Plaintiff alleges that on or about April 15, 2011, she drafted a privileged and confidential discrimination complaint to defendant NICHOLAS JOSEPH CAMERA.

40. Plaintiff alleges that she complained about being denied promotional opportunities, overworked by defendant MARJORIE MARY HOEY and being underpaid.

41. Plaintiff alleges that she offered to consider defendant NICHOLAS JOSEPH CAMERA'S suggestion to "back up" Ms. Hulen if he and defendant MARJORIE MARY HOEY change her title from Secretary to Legal Administrator and increase her salary to $97,000.00 per annum.

42. Plaintiff alleges that later that day, she personally delivered the aforementioned document to defendant NICHOLAS JOSEPH CAMERA.

43. Plaintiff alleges that on or about April 22, 2011, defendant NICHOLAS JOSEPH CAMERA left an envelope marked "Privileged and Confidential" on her desk.

44. Plaintiff alleges inside was an alleged response to her April 15, 2011, discrimination complaint.

45. Plaintiff alleges that defendant NICHOLAS JOSEPH CAMERA did not address her discrimination complaints.

46. Plaintiff alleges that defendant NICHOLAS JOSEPH CAMERA did not cause an

investigation to commence consistent with defendant IPG'S Harassment and Equal Employment Opportunity Policy Number: 400.

47. Plaintiff alleges that on or about April 26, 2011, she filed a discrimination complaint with the United States Equal Employment Opportunity Commission.

48. Plaintiff alleges that shortly thereafter, defendants' NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY substantially reduced her normally heavy workload further impacting her future career opportunities.

49. Plaintiff alleges that defendants' NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY reduced her workload with the intent to dissuade her from continuing with her discrimination complaint filed with the United States Equal Employment Opportunity Commission.

50. Plaintiff alleges that prior to filing her discrimination complaints with defendants' IPG and NICHOLAS JOSEPH CAMERA, Director Carolyn Harding and the United States Equal Employment Opportunity Commission, she handled many legal matters such as Securities and Exchange Commission compliance, mergers and acquisitions, immigration, labor and employment, corporate, real estate, human resources, diversity as well as other related matters.

51. Plaintiff alleges that defendants' NICHOLAS JOSEPH CAMERA and MAJORIE MARY HOEY isolated her in such a manner that other employees did not interact with her out of fear of losing their jobs.

52. Plaintiff alleges that on or about April 16, 2012 shortly after filing her federal lawsuit her workload was reduced even further culminating with a transfer to a less senior attorney where she performs very little if any work the month.

53. Plaintiff alleges some time thereafter, Theresa M. Muller was removed from her

7

position due to her inability to handle the day to day responsibilities of the Board position.

54. Plaintiff alleges that on or about September 11, 2012 Theresa M. Muller was officially replaced with an African-American female employee.

55. Plaintiff alleges that prior to defendant IPG hiring Theresa M. Muller's replacement she was never reconsidered for the position.

56. Plaintiff alleges that to this day, she still has virtually no work to perform.

57. Plaintiff alleges that to this day, she is still isolated in such a manner that other employees do not interact with her out of fear of losing their jobs.

58. Plaintiff alleges that defendants' IPG and MARJORIE MARY HOEY are intentionally creating an uncomfortable work environment so that she quit as they have done to other employees of color in the past.

59. Plaintiff alleges that defendants' IPG; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY intentionally failed to promote her due to her race then retaliated against her for complaining about discrimination in the workplace.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### FAILURE TO PROMOTE
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

60. Plaintiff re-alleges Paragraphs 1 through 59 and incorporates them by reference as Paragraphs 1 through 59 of Count I of this Amended Complaint.

61. Plaintiff alleges that defendant IPG'S actions against her caused her to be denied a rightly earned promotion.

62. Plaintiff alleges that she is a member of a protected class.

63. Plaintiff alleges that she applied and was qualified for a job for which defendant

IPG was seeking applicants.

64. Plaintiff alleges that she was rejected for the position.

65. ~~Plaintiff alleges that the position remained open and defendant IPG continued to~~ seek applicant's having her qualifications.

66. Plaintiff alleges that as a result of the aforesaid acts of defendant IPG, depriving her of her rights, she suffered mental anguish, emotional distress, and loss of employment opportunities.

## COUNT II
## RETALIATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

67. Plaintiff re-alleges Paragraphs 1 through 66 and incorporates them by reference as Paragraphs 1 through 66 of Count II of this Amended Complaint.

68. Plaintiff alleges that defendant IPG engaged in various retaliatory actions against her as a result of her opposition to its failure to promote her and voicing her complaints of discrimination to defendants' IPG and NICHOLAS JOSEPH CAMERA; Director Carolyn Harding and the United States Equal Employment Opportunity Commission.

69. Plaintiff alleges that as a result of the illegal acts of defendant IPG she suffered depression, anxiety and loss of job opportunities.

## COUNT III
## FAILURE TO PROMOTE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

70. Plaintiff re-alleges Paragraphs 1 through 69 and incorporates them by reference as Paragraphs 1 through 69 of Count III of this Amended Complaint.

71. Plaintiff alleges that defendants' IPG; NICHOLAS JOSEPH CAMERA and

MARJORIE MARY HOEY actions against her caused her to be denied a rightly earned promotion.

72. Plaintiff alleges that she is a member of a protected class.

73. Plaintiff alleges that she applied and was qualified for a job for which defendants' IPG; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY were seeking applicants.

74. Plaintiff alleges that she was rejected for the position.

75. Plaintiff alleges that the position remained open and defendants' IPG; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY continued to seek applicant's having her qualifications.

76. Plaintiff alleges that as a result of the aforesaid acts of defendants' IPG; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY, depriving her of her rights, she suffered mental anguish, emotional distress, and loss of employment opportunities.

## COUNT IV
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

77. Plaintiff re-alleges Paragraphs 1 through 76 and incorporates them by reference as Paragraphs 1 through 76 of Count IV of this Amended Complaint.

78. Plaintiff alleges that, defendants' IPG; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY engaged in various retaliatory actions against her as a result of her opposition to their failure to promote her and voicing her complaints of discrimination to defendants' IPG and NICHOLAS JOSEPH CAMERA; Director Carolyn Harding and the United States Equal Employment Opportunity Commission.

79. Plaintiff alleges that as a result of the illegal acts of defendants' IPG; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY she suffered depression, anxiety and loss of

job opportunities.

## COUNT V
## FAILURE TO PROMOTE
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

80. Plaintiff re-alleges Paragraphs 1 through 79 and incorporates them by reference as Paragraphs 1 through 79 of Count V of this Amended Complaint.

81. Plaintiff alleges that defendants' IPG; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY actions against her caused her to be denied a rightly earned promotion.

82. Plaintiff alleges that she is a member of a protected class.

83. Plaintiff alleges that she applied and was qualified for a job for which defendants' IPG; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY were seeking applicants.

84. Plaintiff alleges that she was rejected for the position.

85. Plaintiff alleges that the position remained open and defendants' IPG; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY continued to seek applicant's having her qualifications.

86. Plaintiff alleges that as a result of the aforesaid acts of defendants' IPG; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY, depriving her of her rights, she suffered mental anguish, emotional distress, and loss of employment opportunities.

## COUNT VI
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

87. Plaintiff re-alleges Paragraphs 1 through 86 and incorporates them by reference as Paragraphs 1 through 86 of Count VI of this Amended Complaint.

88. Plaintiff alleges that, defendants' IPG; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY engaged in various retaliatory actions against her as a result of her opposition to their failure to promote her and voicing her complaints of discrimination to defendants' IPG and NICHOLAS JOSEPH CAMERA; Director Carolyn Harding and the United States Equal Employment Opportunity Commission.

89. Plaintiff alleges that as a result of the illegal acts of defendants' IPG; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY she suffered depression, anxiety and loss of job opportunities.

## COUNT VII
## FAILURE TO PROMOTE
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

90. Plaintiff re-alleges Paragraphs 1 through 89 and incorporates them by reference as Paragraphs 1 through 89 of Count VII of this Amended Complaint.

91. Plaintiff alleges that defendants' IPG; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY actions against her caused her to be denied a rightly earned promotion.

92. Plaintiff alleges that she is a member of a protected class.

93. Plaintiff alleges that she applied and was qualified for a job for which defendants' IPG; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY were seeking applicants.

94. Plaintiff alleges that she was rejected for the position.

95. Plaintiff alleges that the position remained open and defendants' IPG; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY continued to seek applicant's having her qualifications.

96. Plaintiff alleges that as a result of the aforesaid acts of defendants' IPG;

NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY, depriving her of her rights, she suffered mental anguish, emotional distress, and loss of employment opportunities.

## COUNT VIII
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

97.     Plaintiff re-alleges Paragraphs 1 through 96 and incorporates them by reference as Paragraphs 1 through 96 of Count VIII of this Amended Complaint.

98.     Plaintiff alleges that, defendants' IPG; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY engaged in various retaliatory actions against her as a result of her opposition to their failure to promote her and voicing her complaints of discrimination to defendants' IPG and NICHOLAS JOSEPH CAMERA; Director Carolyn Harding and the United States Equal Employment Opportunity Commission.

99.     Plaintiff alleges that as a result of the illegal acts of defendants' IPG; NICHOLAS JOSEPH CAMERA and MARJORIE MARY HOEY she suffered depression, anxiety and loss of job opportunities.

## JURY TRIAL

100.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## **PRAYER FOR RELIEF**

Wherefore, plaintiff demands compensatory and punitive damages from defendants' IPG; NICHOLAS JOSEPH CAMERA and MAJORIE MARY HOEY plus any and all available statutory remedies, both legal and equitable, and interests and costs.

Dated: December 18, 2012
New York, NY

Respectfully submitted,

By: _____
Eric Sanders (ES0224)

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
(800) 371-4835 (Business Telephone)
(212) 537-9081 (Facsimile)

Website: http://www.thesandersfirmpc.com