USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/13/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOY C. NOEL,
                **Plaintiff,**

    - against -

THE INTERPUBLIC GROUP OF CO'S INC.;
NICHOLAS JOSEPH CAMERA, as Former
Senior Vice President, General Counsel and
Secretary and; MARJORIE MARY HOEY, as
Former Vice President, Associate General
Counsel and Assistant Secretary; each being sued
individually and in their capacities as employees
of defendant THE INTERPUBLIC GROUP OF
CO'S INC.,
                **Defendants.**
------------------------------------------------------------x

12 CV 2996 (HB)

**OPINION & ORDER**

**Hon. HAROLD BAER, JR., District Judge:**

    Plaintiff Joy C. Noel brings claims for discriminatory failure-to-promote due to her race and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Defendants move to dismiss Plaintiff's claims and, in the alternative, for summary judgment. For the reasons stated below, Defendants' motion for summary judgment is GRANTED as to Plaintiff's retaliation claims. I will stay summary judgment proceedings, however, as to Plaintiff's failure-to-promote claims. Within 10 days of this Opinion & Order, Plaintiff must submit a sworn affidavit or verified amended complaint attesting to her personal knowledge of the facts alleged in the amended complaint. Failure to do so will result in a grant of Defendants' motion in its entirety.

## BACKGROUND

    On November 30, 2012, I dismissed Plaintiff's original complaint but gave her the opportunity to replead her failure-to-promote and retaliation claims. Familiarity with that Memorandum Order is assumed.

    Plaintiff is a Trinidadian woman who has worked at The Interpublic Group of Companies, Inc. ("IPG") since February 1993. During her tenure at IPG, she has performed many different administrative tasks and has a bachelor's degree from St. Francis College in

1

accounting. Today, she occupies the position of legal secretary. And in 2011, Plaintiff applied for a promotion to Executive Assistant to the General Counsel, Defendant Nicholas Camera. Camera has since left IPG. Yet Plaintiff did not receive that promotion. Instead, a white woman, Teresa Muller, was awarded the position.

Plaintiff alleges that Defendants overlooked her because of her race. And indeed, according to Plaintiff, the "decision maker" regarding the promotion, Defendant Marjorie Mary Hoey, had "never promoted [Plaintiff] or any other 'person of color' to a front office position." (Am. Compl. ¶¶ 23, 24.) Yet Defendants claim that Plaintiff's lack of experience interacting with IPG's Board of Directors was the deciding factor. Interestingly according to Plaintiff this was never mentioned as a qualification when the position was first made available to her.

Eventually, Plaintiff complained of discrimination both to Camera and to the EEOC. After she made these complaints, Plaintiff claims that Defendants created "an uncomfortable work environment," "reduced her workload," "isolated her" from other employees, and "transfer[red] [her] to a less senior attorney where she performs very little if any work." (*Id.* ¶¶ 49, 51–52, 58.) In Plaintiff's view, this transfer and reduction in her workload resulted in the "loss of job opportunities." (*Id.* ¶ 69.)

## DISCUSSION

Summary judgment is appropriate "only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). Yet even if the moving party satisfies its burden, the Court in its discretion may still decline to grant summary judgment. *See, e.g.*, Fed. R. Civ. P. 56(e)(1) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . give an opportunity to properly support or address the fact."); 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2728 (3d ed. 2013) ("[I]n most situations in which the moving party seems to have discharged his burden of demonstrating that no genuine issue of fact exists, the court has discretion to deny a Rule 56 motion."). Here, the admissible evidence currently before the Court suggests the absence of an issue of material fact.

But this absence of fact issues for trial may be due to Plaintiff's failure to submit any evidence in support of her claims, much less a statement complying with Local Civil Rule 56.1. Instead, she relies only on her amended complaint to defeat summary judgment. This reliance is

2

misplaced. Indeed, "the nonmovant cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry its burden on summary judgment." *Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Nevertheless, at this time I decline to grant summary judgment on Plaintiff's failure-to-promote claim. If her amended complaint were instead an affidavit, the allegations therein would meet Plaintiff's burden of establishing a genuine issue of material fact on that claim. Plaintiff therefore must swear to the truth of those allegations or face dismissal. This order thus recognizes summary judgment's proper role as a motion for "*identifying* trial-worthy issues" and not as "a vehicle for *resolving* trial-worthy issues." Arthur R. Miller, *Simplified Pleading, Meaningful Days in Court, and Trials on the Merits: Reflections on the Deformation of Federal Procedure*, 88 N.Y.U. L. Rev. 286, 311–12 (2013) (lamenting the "Armageddon-like significance" that summary judgment has attained).

### A. Discriminatory Failure-to-Promote

Assuming for the moment that Plaintiff had supported her amended complaint with a sworn statement, Plaintiff's failure-to-promote claims would survive. Under state and federal law, Plaintiff must satisfy *McDonnell Douglas*'s burden-shifting framework to make out a failure-to-promote claim.[1] *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). To establish a prima facie case, Plaintiff "must demonstrate that: '(1) she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications.'" *Estate of Hamilton v. City of N.Y.*, 627 F.3d 50, 55 (2d Cir. 2010) (quoting *Petrosino v. Bell Atl.*, 385 F.3d 210, 226 (2d Cir. 2004)).

At the prima facie stage, Defendants dispute only Plaintiff's qualifications. But Plaintiff "need only make the 'minimal showing'" that she "possesses the basic skills necessary for performance of [the] job." *Altomare v. Wells Fargo Sec., LLC*, No. 09 Civ. 9702, 2012 WL 489200, at *8 (S.D.N.Y. Feb. 15, 2012) (alteration in original) (quoting *Gregory v. Daly*, 243 F.3d 687, 697 (2d Cir. 2001)) (internal quotation marks omitted). While "Board experience"

---

[1] Because Plaintiff's failure-to-promote claims would survive under *McDonnell Douglas* burden-shifting, they would also survive under the NYCHRL's "broader . . . standards" *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, No. 11-3361-cv, 2013 WL 1776643, at *5 (2d Cir. Apr. 26, 2013) (state and federal civil rights statutes serve only "as a *floor* below which the [NYCHRL] cannot fall" (quoting *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009))).

may have been a desirable attribute, this experience appears nowhere in Defendants' written list of job requirements. And indeed, the Board-related activities described in the position description involved only "collect[ing], prepar[ing] and assist[ing] in the distribution of materials for use in discussions and meetings of executive staff and [the] Board of Directors." (Malanga Affirm. Ex. L, at D 0004.) Prior experience interacting with Board members is hardly a "basic skill" necessary to perform these administrative tasks. By contrast, Plaintiff has worked at IPG in an administrative capacity for over 20 years and holds a bachelor's degree in accounting. (Malanga Affirm. Ex. I, at D 0023.) This experience demonstrates that Plaintiff was at least minimally qualified for the promotion to Executive Assistant. Accordingly, Plaintiff's qualifications are sufficient to make out a prima facie case.

And to the extent that Defendants rely upon Plaintiff's lack of Board experience as a legitimate reason not to promote Plaintiff, evidence mirroring the amended complaint's allegations would demonstrate pretext. Defendants claim that "Camera had specifically advised that he wanted the successful candidate to have experience directly interacting with members of the Board of Directors." (Harding Aff. ¶ 4.) But assuming Plaintiff swears to her allegations, only after Defendants denied Plaintiff the position did experience with IPG's Board of Directors become a deciding factor. (Am. Compl. ¶ 29.) The omission of "Board experience" from Defendants' list of job requirements further supports a conclusion that Defendants fabricated this explanation. Based on these inconsistencies, the true significance of this "Board experience" is thus a credibility issue that only a jury may decide. *Cf., e.g., Vernon v. Port Auth. of N.Y. & N.J.*, 154 F. Supp. 2d 844, 858 (S.D.N.Y. 2001) (evidence that a claimed job requirement, relied upon for denying promotion, was not outcome-determinative is probative as to pretext). And coupled with Plaintiff's claims that Hoey had never promoted a minority candidate, a jury could conclude that the real motive for denying Plaintiff's application was discriminatory animus.

## B. Retaliation

Turning next to Plaintiff's retaliation claim, summary judgment is granted. Even if Plaintiff had supported her allegations with an affidavit, she cannot satisfy her burden of showing that retaliatory animus motivated any adverse employment action. First, because Muller still holds the same position at IPG, (Bonzani Dec. ¶ 2.), a reasonable jury could not conclude that Defendants retaliated against Plaintiff by failing to hire her as Muller's replacement. And to the extent Plaintiff complains of retaliation when she was not promoted to a

different administrative role, nothing in the record indicates that she applied for another position. Nor has Plaintiff offered any reason that this application requirement should be excused. *See, e.g., Pilgrim v. McGraw-Hill Cos., Inc.*, 599 F. Supp. 2d 462, 475 (S.D.N.Y. 2009) (requiring evidence of application or grounds for excuse).

But the job opportunities Plaintiff claims she lost due to both her transfer to a "less senior attorney" as well as her reduced workload would be sufficient to satisfy Plaintiff's prima facie burden. (Am. Compl. ¶¶ 52, 69.) Indeed, a transfer is sufficiently adverse "if it results in a change in responsibilities so significant as to constitute a setback to the [employee]'s career [or] involve[s] a demotion in form or substance [or] cause[s] materially significant disadvantage." *Formilien v. Beau Dietl & Assocs., Inc.*, No. 10 Civ. 3077, 2012 WL 2359819, at *10 (S.D.N.Y. June 21, 2012) (alterations in original) (quoting *Greaves v. St. Luke's/Roosevelt Hosp. Ctr.*, No. 03 Civ. 7424, 2005 WL 627635, at *5 (S.D.N.Y. Mar. 17, 2005)) (internal quotation marks omitted).

Yet even assuming a prima facie case regarding these changes in her job duties, nothing in Plaintiff's amended complaint would rebut Defendants' seemingly legitimate explanation that in her prior role, Plaintiff had access to litigation materials regarding her own case. (Marola Aff. Ex. 1.) Accordingly, a transfer was necessary. That it might easily have been to a more visible and different role is undercut since Plaintiff offers no evidence or allegations demonstrating that this explanation is pretextual, nor that retaliatory animus otherwise motivated her transfer. *See Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005) (*McDonnell Douglas*'s third step requires Plaintiff "show that retaliation was a substantial reason for the adverse employment action").

Finally, even assuming that Defendants' alleged isolation of Plaintiff could constitute retaliatory activity under federal law, the NYSHRL, or the NYCHRL, Plaintiff's allegations cannot support a finding of causation. Under both *McDonnell Douglas* as well as the NYCHRL, Plaintiff must demonstrate some causal relationship between her protected activity and the adverse employment action. *Jute*, 420 F.3d at 173; *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 34–35 (1st Dep't 2009) (NYCHRL requires causal link between adverse action and retaliatory motivation). But Plaintiff offers nothing but conclusory assertions of retaliatory motive. These assertions are insufficient at summary judgment. *See Cobb v. Pozzi*, 363 F.3d 89,

5

108 (2d Cir. 2003) ("[A] plaintiff may not rely on conclusory assertions of retaliatory motive to satisfy the causal link.").

## CONCLUSION

I have considered the parties' remaining arguments and find them meritless. For the foregoing reasons, summary judgment is GRANTED as to Plaintiff's retaliation claims. Summary judgment is stayed as to Plaintiff's failure-to-promote claims. This aspect of the case will survive provided that within 10 days of this order, Plaintiff submits a verified pleading or affidavit supporting her allegations. Trial will commence on June 3, 2013. Trial materials are also due May 23, 2013. The Clerk of the Court is instructed to close this motion and remove it from my docket.

**SO ORDERED.**

Date: 5/13/13
New York, New York

HAROLD BAER, JR.
**United States District Judge**

6